and we'll hear counsel in USA v. Denny Reyes. Go ahead, Mr. Johnson. May it please the Court, my name is Barclay Johnson. I'm an attorney with the Federal Defender's Office in Vermont and I'm pleased to be here on behalf of Mr. Reyes. Following the Supreme Court's decision in Rosemont, it's clear that to convict someone of aiding and abetting an offense, the government has to prove beyond a reasonable doubt that the defendant's specific intent extends to all the elements of the offense. In this case, we're dealing with alien smuggling and the problem with the instruction given by the district court was that it doesn't inform jurors that Mr. Reyes could not be convicted unless he knew the facts that made up the elements of the offense, including especially that it was aliens being smuggled. That is, it doesn't incorporate the relevant knowledge element of the principal offense. And this would let the jury convict on a mens rea of recklessness or even proof of less than all the elements. It's particularly problematic in this case where the principal offense has, does have a recklessness mens rea. It's true that the jury's, the court's instruction includes some language from Rosemont, such as the intent has to go to the specific and entire crime charge or the full scope of alien smuggling, but that doesn't explain what those terms mean or expressly tell the jury that the defendant must know the alien status. It never tells the jury that the intent must go to all the elements of the crime charge, and that is all the elements of alien smuggling. In our view, the failure to explain what these terms means is problematic even more so because of the rest of the instructions that follow do speak in terms of alien smuggling being an offense defined in terms of elements. And the consistent description of offenses as being comprised of elements in the rest of the instructions, the jury simply isn't going to understand that the undefined terms mean that a defendant must, accused of alien smuggling, must know all the facts that make up the elements of the crime, and including especially that it was aliens that would be smuggled. Mr. Johnson, is it fair to say that you're asking us to extend the Rosemont decision for the precedent? I don't think so. I think Rosemont's is a recognition that this was the law all along. This Court's decisions have all along said. That's a famous jurisprudential metaphysical concept that every time there's a decision of an appellate court, it's articulating the law as we, quote, all knew it was all along. Right. We would be asking you to apply it to 1324, but I don't think that's necessarily an extension. It's an application of a clear rule of law. The model jury instructions of two or three circuits now provide for this sort of formulation. I'd also point out that while there's some language from Rosemont in the instructions, there's also other language in the instructions that tends to detract from whatever clarity that could have provided. The instructions offer that the government must establish that the defendant acted with the knowledge that a crime was being committed. But again, the whole point of Rosemont, and in our case, it's not a crime. It's a specific crime with specific elements that someone's being accused of aging and abetting. But in this case, this particular statute speaks of the offense as, quote, knowing or in reckless disregard, right? It certainly does. That seems to me to make a very big difference from Rosemont, right? No, because Rosemont is premised on the distinctive nature of the aging and abetting offense. So recklessness isn't an alternative mens rea for the aging and abetting offense, even if it is for the principal offense. The decision in Rosemont is, quote, the Court says, grounding in the distinctive intent standard for aging and abetting someone else's act. This is the common law. You didn't commit the whole crime, and yet you're going to be held guilty as a principal, and it requires a heightened mens rea. So even when there's no ---- Sotomayor, let's all take account of the fact that the law recognizes that when knowledge has to be proved, it can be proved through conscious avoidance. No. Well, I think that for ---- if we're applying Rosemont, conscious avoidance wouldn't necessarily factor in. We're looking for proof of actual knowledge. That's what the Court in Rosemont is calling for. Well, but you're saying that Rosemont states the general principle for aging and abetting, not unique to that particular statute. And I'm asking you how that pertains to the fact that juries are routinely charged. This crime requires proof that the defendant acted with knowledge. Knowledge can be proved through conscious avoidance of facts that should otherwise have been obvious to him. I mean, it seems to me that those kind of ---- that kind of an instruction is very typical in cases of smuggling, drug smuggling, obviously. Now here we have alien smuggling. In this case, the particular danger, though, is that there's the principal offense does allow for a recklessness mens rea. And to have anything other than proof, actual proof that the defendant knew of the ---- all the elements that make up ---- all the facts that make up the elements of the crime, I think you're running the danger that the jury is going to convict on proof of less than that knowledge. But knowledge can be proved through conscious avoidance of what one should know. I would agree with that, but I think ---- Sotomayor, so you're not disputing that. That suggests that it's not just direct and proof of knowledge that will satisfy aiding and abetting. No. I think that proof ---- you've got to have proof. If it can come as ---- I'm struggling to imagine exactly what the proof would be in this case, but ---- and I think it's particularly problematic for the reasons I said because we have an underlying crime. The principal offense calls for ---- would allow conviction based on recklessness or reckless disregard. Do you think that an aider and abetter is required to have more knowledge than the principal? Yes. That's what the Supreme Court says. That's what the courts of appeal point to, just as counsel did below, the First Circuit's decision in Incarnacion Ruiz, where they're dealing with production of child pornography, which is a strict liability offense as to the age. And the First Circuit explains that the Supreme Court recognized that the mens is a matter of principles and requires that the defendant have knowledge of the individual being depicted's age, actual knowledge. I think it's only with actual knowledge, and this is what the Supreme Court in Rosemont is talking about, only with actual knowledge that the person's able to make the legal choice of do I participate or do I, you know, do I participate in just a drug crime or do I participate in an armed drug crime? Am I willing to smuggle cash or goods or drugs, but am I not willing to smuggle human beings? It's only with actual knowledge, I think, that that aging and bugging offense works. Thank you, Mr. Johnson. I've given you some extra time, but you've reserved some time. And maybe when you come up, we'll have a brief moment regarding the question of racial bias, which we haven't touched on yet. Go ahead, counsel. Good morning, Your Honors, and may it please the Court. Nicole Cate from the District of Vermont, representing the government. This Court should affirm Denny Reyes's conviction for aiding and abetting alien smuggling because the instruction provided to the jury by the district court was entirely sufficient. That instruction encompassed the knowledge requirements and the concepts set forth in Rosemont. And moreover, it gave the defendant essentially what he was asking for at the district court level. Even aside from the instruction, the record is replete with evidence confirming that Denny Reyes knew exactly what he was doing when he went to the U.S.-Canada border that night, which can give the Court comfort that the conviction can be affirmed regardless of what mens rea is applicable here. But I want to start with the jury instructions that my adversary was speaking about. The applicability of Rosemont outside the 924C context in the Second Circuit is maybe a question that's up in the air, but it doesn't need to be decided in order to decide this case for the reasons that I said. The instructions that Judge Reyes provided to the jury, and I think it's important to review all of the instructions, parts of them are pointed out, but the entirety of that instruction, which is in the joint appendix at 76 and 77, makes clear that this defendant needed to know what he was getting involved in. And I think the concept behind Rosemont is really trying to ensure that a defendant who's being held accountable for aiding and abetting knows what crime it is that he's committing. And the instruction here certainly does that. Judge Reyes instructed the jury that the defendant needed to have intent that goes to the specific and entire crime charge. And she specified, this means the full scope of alien smuggling. So to the extent there's been a suggestion at the district court or here that Mr. Reyes went to the border thinking he would be smuggling contraband, drugs, money, something else, this instruction forecloses that the jury. Did she read the statute to the jury? Pardon? Did she read the statute to the jury in her instructions? Her instructions also address the substantive offense. But Judge Reyes was very mindful of this issue because this was presented to her at the district court. And I want to be clear, the issue that was presented at the district court was the reckless disregard versus knowledge, not the advanced knowledge that the defendant is now pressing here, but yes. And Judge Reyes actually said in the record that she had restructured her instructions in an effort to separate the reckless disregard mens rea from the aiding and abetting instruction, and that's at 255 in the joint appendix. And so, yes, she does speak to the actual statute, but the way she does it when speaking to the underlying statute is the instruction with respect to reckless disregard specifies the principle needed to have knowledge or reckless disregard. So again, she was making an effort in these instructions to separate reckless disregard from the aiding and abetting mens rea that was required. To be clear. Since you cited page 255 of the appendix, can you help us try to find the language you were referring to? Yes. Very small print in four pages. Yes. Per page. So the context here was the parties had both filed proposed jury instructions to the court, and the government had filed an opposition to the defendant's proposed jury instructions, and the court was describing where she thought she would be going with the jury instructions. So on 255, it actually starts at the bottom of 254. Judge Reyes says that she wants to – she had rearranged. Initially, the substance offense was described first, and then aiding and abetting. But what she describes is the way I think it should be set up and the way I have done it is start with aiding and abetting and have that have the specific intent it needs to be. Then talk about the principle, the underlying offense, and say the government alleges that Chino, this is the principle that was focused on in the trial, among other people was a principle, and talk about that person's mens rea so you are not substituting a reckless mens rea into aiding and abetting. And the instructions reflect that. Scalia, Chino is straight out of West Side Story. Yes, Your Honor. I've said that in preparing for this. Sure. To be clear, the government does think that reckless disregard is a permissible mens rea for aiding and abetting alien smuggling. We have support for that from the Garcia case from the Ninth Circuit from 2005. Yes, non-precedential, and yes, before Roseman. But that case specifically said that recklessness can be a permissible mens rea for aiding and abetting. Moreover, the sand model federal jury instructions cited by the defense in his brief incorporates the principle's mens rea into the instruction for an aiding and abetting offense. We think that's what makes sense here. But we don't think the Court needs to reach the issue because Judge Rice's instruction really required that the jury find knowledge. I thought you said that, maybe I misheard, that she took the reckless disregard out of the aiding and abetting concept. She tried to separate the reckless disregard mens rea, which is a permissible mens rea for aiding, for alien smuggling, from the aiding and abetting instruction. She did not excise reckless disregard from the instruction in its entirety because that would be inconsistent with the statutory language and with this Court's precedent. But the comment there, and I think reading the instruction that she did provide to the jury, shows that she was making an effort to, consistent with Roseman, ensure that the jury would find this defendant knew what he was getting into in the crime he was committing. The closing arguments provided at the district court level further support the conclusion that this jury was thinking about whether Danny Reyes knew that the aliens had permission to be in the United States. That was the focus of the trial. That was the focus of the defendant's arguments, and it was the focus of the government's arguments. The jury was presented with the question, did the government meet its burden of establishing that Danny Reyes knew the elements of defense, and in particular that these were aliens who did not have permission to be in the United States. I will also note Judge Reyes, during the charge conference, was asked by defense counsel whether the defense would be able to argue that, to argue in closing that the government did not meet that burden, and she said she thought that was a permissible argument, again, supporting the conclusion that these instructions really were designed to ensure that there is knowledge. I want to turn a bit to the evidence in the record, because even if there is error in the instructions, the conviction should still be affirmed. First, again, I touch on this briefly, but the standard of review, if there should have been an advanced knowledge instruction, is for plain error. That argument was not preserved at the district court level, and it's clear that in order to preserve the argument, the objection at the district court needs to be on the grounds that are raised in appeal, and that's not what is happening here. So it should be a plain error review, and there was no plain error, because obviously the instructions provided were not obviously wrong in light of existing law. Even if, however, the instruction was wrong and the instruction was erroneous and the issue was preserved, there's still harmless error because of the wealth of evidence in the record establishing that Denny Reyes knew exactly what he was doing. I will point the Court specifically of all of the evidence to the controlled phone calls that Mr. Reyes made to Chino after the event. The context here was that he was Mr. Reyes was attempting to cooperate with law enforcement. So he's having phone calls with Chino where he's trying to conduct business as usual, continue the dialogue that these two men had been having previously, and the record reflects that they had had 40 minutes or so or more of phone calls in the three days leading up to this event. They're having another phone call where Mr. Reyes is trying to present business as usual to Chino, and they talk about the three people. And Mr. Reyes's conversation with Chino during that call does not reflect that he was surprised that aliens suddenly appeared at this vehicle. Instead, they talk about the three people, and Mr. Reyes says, yes, they're going to be sent back because they did not have papers. This is Mr. Reyes confirming what he knew, that these individuals were aliens that did not have permission to be in the United States. Thank you. Thank you very much. Okay. Mr. Johnson is reserved three minutes. I'd like to focus on a couple of things. I think, first of all, this is exactly the claim that was raised below. And I'll point you to a couple of points in the record where it's crystal clear. At Joint Appendix 291, counsel expressly objects to the Court's proposed instructions saying that the Court's language that intent had to, egging and begging requires a state of mind extending to the entire crime was unclear. Counsel argued that it doesn't go far enough under these cases. Under Rosamond, it doesn't say what state of mind. So I think that would leave the jury confusing. I think we have to specifically tell the jury that in an egging and a begging crime, you have to know all of the elements. Here, that includes knowing that the alien, that's really the corpus of the crime here, that person was an alien. The government disagreed, saying a defendant need only be in reckless disregard of the fact that these were aliens. That is, the defendant could have the mens rea of the principle. And the problem, this crystallizes the problem. The problem is that notwithstanding whatever Judge Rice intended, we wind up with an instruction that doesn't reflect Rosamond's requirement that the defendant's specific intent extend to every element of the offense. In terms of prejudice— May I ask you— Yes. Envision a scenario where a principle gets two or three folks together and says, we're going to the border. We're going to pick up a truck. They're going to pay us $100,000 to pick up this truck. The amount of money would alert anyone to the fact that they're probably engaged in smuggling something. They go to the border, and all of them can hear human beings in the truck. Only the principle is responsible for recklessly smuggling those people into the border? None of the aiders and abettors are? I think it depends exactly on how that unfolds. But I think you're crystallizing the question of the aider and abettor is not committing the whole act. And so to hold him or her responsible as the principle, that person has to know. Actually, I'm a little hard-pressed as to why your client isn't a principle here. He may not have been the brains or the leader of the organization, but he smuggled the people through. I mean, he didn't just make a phone call or rent a car or do something like that. But putting that aside, because he was convicted as an aider and abettor, your argument to us is that only the principle would be liable for alien smuggling in the scenario I've given you, because the government couldn't prove that the aiders and abettors knew that the people in the truck lacked green cards or lacked authorization to come into the country. That's what the Supreme Court says. And my suggestion to you is to the extent they have to have knowledge, they have it by basis of conscious avoidance. Why not? Because you're being held responsible as a principle for the whole crime, having not committed the whole crime, and so we need a heightened mens rea, and you need the knowledge somewhat sufficiently in advance to make that decision. How do you do that? What part of the crime hasn't he committed? Haven't they committed? I mean, they are only aiders and abettors because someone else is giving them direction in the scenario I've given you, which would seem also to pertain to your client's situation. As I said, these are not people who aided and abetted by making a phone call or buying an airline ticket or something like that. They effectively did commit the whole crime. And you're saying that they somehow have to have knowledge that the people they're smuggling across the border, they have to, like, look at their documentation or something like that? This is what the First Circuit has said. But we're not, I mean, we obviously are very interested in what our sister circuits say, but we're not controlled by them. Certainly. And the First Circuit says, look, you, it's a distinct mens rea. Didn't they say that, though, in the context of a strict liability crime? Yes. Yes. This is not a strict liability crime. Okay. I mean, a strict liability crime means that the principal is liable without any knowledge. If we're going to hold aiders and abettors, we want to know that they knew what they were getting themselves into. Right. I think, though, that the fact that it's a strict liability crime as to the, in the case of a child, production of child pornography, as to the child's age calls all the more so for it to apply here. If we're going to apply this heightened mens rea, even when there's no mens rea at all required for the principal offense, it's strict liability, that suggests we have to do it here where there is a mens rea, although it's a lessened, a potentially lessened mens rea for the principal. The prejudice here, this was the central issue of the case. This was Mr. Reyes's sole theory of defense. And it's a unique factual setup in that Mr. Reyes was indisputably present on another occasion when something that was heavy and that fit in a duffel bag was smuggled, something other than human beings. The government itself thought it was drugs that were going to be smuggled. This was a DEA operation. There wasn't direct evidence that Mr. Reyes knew that it was illegal aliens. Thank you. Scalia. Thank you very much, Mr. Chief Justice. Sotomayor. He knew it was people before the night was out, right? Before he was arrested, he knew it was people. It's, well, certainly after the fact, he knew that there were people. Well, he's still aiding and abetting at that point. I mean, on my part. I mean, after the fact when he's talking with the agents and he's been told. But before he's arrested, he knows that what he's transported are human beings. Right. But the Supreme Court says you need to know in advance. And the factual setup here is he's sitting in a car. It's the middle of the night. But he's more than merely present when he learns that it's human beings. By contrast to Roseman, he actually takes actions to help them. Well, the Supreme Court in Roseman says you need to know, and you need to know sufficiently in advance to make some sort of decision. And the facts were that he's sitting in a car, people run up, jump in the car, 10 seconds passes by, the flashbang goes off, and the car takes off. We'd submit that's not sufficiently in advance. Thank you, Mr. Johnson, very much. We thank you both. By the way, just a little bit of clerical advice, and it's entirely personal and nothing terribly important perhaps in the last analysis, but I really do have trouble reading these pages without a magnifying glass. So I know it means more pages, but in futuro, maybe you would help us out with. That's helpful enough. Thank you. Thanks very much. No, we appreciate it, and we appreciate the argument of both of you. Glad to see you here.